Exhibit B

***EFILED***
File & ServeXpress
Transaction ID: 49983982
Date: Mar 07 2013 05:14PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next          )
Best friend of CATHERINE ROBERTSON,         )
a minor, and DEMARCUS JACKSON, a            )
minor,                                      )
                                            )
      Plaintiff,          )          CIVIL ACTION NO.:
                                            )          13EV016531F
NEALE P. FREEMAN, M.D.                       )
CHRISTOPHER D. MARINE, M.D.;                )
CHARLES MATUZA, PA;                         )
SOUTHSIDE MEDICAL CENTER, INC.;            )
TENET HEALTHSYSTEM, GB, INC. d/b/a          )
ATLANTA MEDICAL CENTER; and                 )
PEDIATRIX MEDICAL GROUP OF                  )
GEORGIA, P.C.; JOHN DOES NOs. 1-5;          )
And XYZ CORPORATIONS NOs. 1-5;             )
                                            )
      Defendants.         )

## ANSWER AND DEFENSES OF SOUTHSIDE MEDICAL CENTER, INC.

COMES NOW, Southside Medical Center, Inc. (hereinafter "Southside Medical") and, having paid costs to open default pursuant to O.C.G.A. §9-11-55, files its Answer and Defenses to Plaintiff's Complaint for Medical Malpractice (the "Complaint") showing the Court as follows:

### FIRST DEFENSE

This Court does not have subject matter jurisdiction over this matter.

### SECOND DEFENSE

This Court does not have personal jurisdiction over Southside Medical.

### THIRD DEFENSE

Venue in this Court is not proper.

## FOURTH DEFENSE

By virtue of Southside Medical Center, Inc. being a federally supported health center, the claims raised by Plaintiff in the Complaint are governed by, and subject to, the provisions of the Federally Supported Health Centers Assistance Acts ("FSHCAA") and the Federal Tort Claims Act ("FTCA").

## FIFTH DEFENSE

Pursuant to the FSHCAA, the FTCA and other applicable laws, Southside Medical is immune from liability for the claims raised in Plaintiff's Complaint.

## SIXTH DEFENSE

Southside Medical is not a proper party to this lawsuit and should be dismissed as a matter of law.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, and should be dismissed, as the result of her failure to follow the claim process under the FTCA.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## NINTH DEFENSE

Plaintiff does not have standing to maintain this action on behalf of one or both of the minors named in the Complaint.

## TENTH DEFENSE

The Complaint must be dismissed because not all real parties in interest have been joined in the action.

## ELEVENTH DEFENSE

To the extent the injuries and damages alleged in Plaintiff's Complaint have been or may have been directly or proximately caused by the negligence of another entity, person, or persons, or were the result of a separate event, Southside Medical cannot legally be held responsible for same.

## TWELFTH DEFENSE

No act or omission on the part of Southside Medical or its employees/agents contributed to or caused any of the alleged injuries or damages claimed in the Complaint with the result that Plaintiff is not entitled to recover anything whatsoever from Southside Medical.

## THIRTEENTH DEFENSE

Any care and treatment which was afforded to Catherine Robertson and/or Demarcus Jackson by Southside Medical or its professional employees at all times and in all respects, was and has been in accordance with the standard of care exercised by such professionals generally under like or similar circumstances. Any injuries suffered as alleged in the Complaint occurred not as a result of the negligence of Southside Medical or its professional employees, but was rather the result of matters beyond the ability of medicine or healthcare which is inherently an inexact science.

## FOURTEENTH DEFENSE

No act or omission on the part of Southside Medical or its professional employees either contributed to or caused any of the alleged injuries or damages claimed by the Plaintiff in the Complaint with the result that Plaintiff is not entitled to recover anything whatsoever from Southside Medical in this case.

### FIFTEENTH DEFENSE

Neither Southside Medical nor its professional employees breached any duty owed to Catherine Robertson or Demarcus Jackson.

### SIXTEENTH DEFENSE

Southside Medical denies any ordinary or professional negligence in the medical or professional healthcare treatment rendered to Catherine Robertson and/or Demarcus Jackson.

### SEVENTEENTH DEFENSE

At all times relevant hereto, the care and treatment of Catherine Robertson or Demarcus Jackson by Southside Medical or its professional employees met or exceeded the standard of care applicable to members of the medical/healthcare profession generally under the same or similar circumstances.

### EIGHTEENTH DEFENSE

Southside Medical acknowledges that an Affidavit of Amos Grunebaum, MD and an Affidavit of Tammey Dickerson, RN, are attached to Plaintiff's Complaint. Southside Medical further states that no other affidavit of any other expert was attached to or on the Complaint served upon him. Through the course of discovery, if it is determined that the affidavits of Dr. Grunebaum and/or Ms. Dickerson fail to meet the requirements set forth under O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1 or otherwise demonstrate that Dr. Grunebaum and/or Ms. Dickerson are unqualified to testify against this Southside Medical, Plaintiff's case must be dismissed. Southside Medical reserves the right to file a motion to dismiss on the aforesaid grounds should the same be determined in discovery.

**NINETEENTH DEFENSE**

The injuries or damages claimed in the Complaint may have resulted, in whole or in part, from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, illnesses or through natural causes with the result that Plaintiff is barred from recovery.

**TWENTIETH DEFENSE**

Southside Medical raises all affirmative defenses found in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) if evidence in support of those defenses is obtained through discovery.

**TWENTY-FIRST DEFENSE**

For its Twenty-First Defense, Southside Medical answers the specific allegations of Plaintiff's Complaint as follows:

1.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, said allegations stand denied.

2.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, said allegations stand denied.

3.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, said allegations stand denied.

4.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, said allegations stand denied.

5.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, said allegations stand denied.

6.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, said allegations stand denied.

7.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, said allegations stand denied.

8.

Southside Medical admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, said allegations stand denied.

10.

Southside Medical denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Southside Medical admits that in February 2011, Dr. Freeman was an employee of Southside Medical. The remaining statements contained in Paragraph 11 are denied as are the assumptions upon which the statements are based.

12.

Southside Medical admits that in February 2011, Dr. Marine was an employee of Southside Medical. The remaining statements contained in Paragraph 12 are denied as are the assumptions upon which the statements are based.

13.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, said allegations stand denied.

14.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, said allegations stand denied.

15.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, said allegations stand denied.

16.

Southside Medical denies the allegations contained in Paragraph 16 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and the assumptions upon which they are based.

17.

Southside Medical denies the allegations contained in Paragraph 17 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and the assumptions upon which they are based.

18.

Southside Medical denies the allegations contained in Paragraph 18 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and the assumptions upon which they are based.

19.

Southside Medical denies the allegations contained in Paragraph 19 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and the assumptions upon which they are based.

20.

Southside Medical denies the allegations contained in Paragraph 20 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and the assumptions upon which they are based.

21.

Southside Medical denies the allegations contained in Paragraph 21 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and the assumptions upon which they are based.

22.

Southside Medical denies the allegations contained in Paragraph 22 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and the assumptions upon which they are based.

23.

Southside Medical denies the allegations contained in Paragraph 23 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint and the assumptions upon which they are based.

24.

Southside Medical denies the allegations contained in Paragraph 24 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint and the assumptions upon which they are based.

25.

Southside Medical denies the allegations contained in Paragraph 25 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint and the assumptions upon which they are based.

26.

Southside Medical denies the allegations contained in Paragraph 26 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint and the assumptions upon which they are based.

27.

Southside Medical denies the allegations contained in Paragraph 27 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and the assumptions upon which they are based.

28.

Southside Medical denies the allegations contained in Paragraph 28 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint and the assumptions upon which they are based.

29.

Southside Medical denies the allegations contained in Paragraph 29 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint and the assumptions upon which they are based.

30.

Southside Medical denies the allegations contained in Paragraph 30 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint and the assumptions upon which they are based.

31.

Southside Medical denies the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint and the assumptions upon which they are based.

32.

Southside Medical denies the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint and the assumptions upon which they are based.

33.

Southside Medical denies the allegations contained in Paragraph 33 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and the assumptions upon which they are based.

34.

Southside Medical denies the allegations contained in Paragraph 34 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint and the assumptions upon which they are based.

35.

Southside Medical denies the allegations contained in Paragraph 35 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and the assumptions upon which they are based.

36.

Southside Medical denies the allegations contained in Paragraph 36 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint and the assumptions upon which they are based.

37.

Southside Medical denies the allegations contained in Paragraph 37 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and the assumptions upon which they are based.

38.

Southside Medical denies the allegations contained in Paragraph 38 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.   Southside Medical denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint and the assumptions upon which they are based.  .

39.

Southside Medical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, said allegations stand denied.  Southside Medical further denies that it is liable to Plaintiff under any theory of recovery.

40.

Southside Medical denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Southside Medical denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Southside Medical denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Southside Medical denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Southside Medical admits an affidavit of a Amos Grunebaum, MD is attached to Plaintiff's Complaint as Exhibit "A". Southside Medical denies that the Affidavit of Amos Grunebaum, MD meets the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1. Southside Medical denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint and further denies liability for any of the injuries or damages alleged in Plaintiff's Complaint.

45.

Southside Medical admits an affidavit of a Tammy Dickerson, RN is attached to Plaintiff's Complaint as Exhibit "B". Southside Medical denies that the Affidavit of Tammy Dickerson, RN meets the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1. Southside Medical denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint and further denies liability for any of the injuries or damages alleged in Plaintiff's Complaint.

46.

Southside Medical denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint Southside Medical denies Plaintiff is entitled to judgment against him in any amount.

48.

Any allegation contained in Plaintiff's Complaint that is not specifically and expressly admitted in this Answer is denied.

WHEREFORE, having made its answer and raised defenses to Plaintiff's Complaint, Southside Medical hereby requests judgment in its favor, that it be dismissed from this civil action, and for such other relief as this Court deems justice to demand.

This 7th day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

/s/ Craig A. Brookes
CRAIG A. BROOKES
Georgia State Bar No. 084476
JERALD R. HANKS
Georgia State Bar No. 323470
*Attorneys for Defendant*
*Southside Medical Center, Inc.*

Two Securities Centre
3500 Piedmont Road NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ZAREADAE V. ROBERTSON, as the next | ) | |
| Best friend of CATHERINE ROBERTSON, | ) | |
| a minor, and DEMARCUS JACKSON, a | ) | |
| minor, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 13EV016531F |
| NEALE P. FREEMAN, M.D. | ) | |
| CHRISTOPHER D. MARINE, M.D.; | ) | |
| CHARLES MATUZA, PA; | ) | |
| SOUTHSIDE MEDICAL CENTER, INC.; | ) | |
| TENET HEALTHSYSTEM, GB, INC. d/b/a | ) | |
| ATLANTA MEDICAL CENTER; and | ) | |
| PEDIATRIX MEDICAL GROUP OF | ) | |
| GEORGIA, P.C.; JOHN DOES NOs. 1-5; | ) | |
| And XYZ CORPORATIONS NOs. 1-5; | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the ANSWER AND

DEFENSES OF SOUTHSIDE MEDICAL CENTER, INC. via electronic filing with LEXIS

NEXIS to the following:

| | |
|---|---|
| Edward Flynn, III. | John E. Hall, Jr. |
| Flynn and Gottlieb, P.A. | T. Andrew Graham |
| 800 Johnson Ferry Road | Hall Booth Smith, P.C. |
| Atlanta, Georgia 30342 | 191 Peachtree Street, N.E., Suite 2900 |
| | Atlanta, Georgia 30303 |
| | |
| Moses Kim | Jay D. Lukowaki |
| Insley & Race, LLC | Ronald I. Kaplan |
| The Mayfair Royal | Kaplan & Lukowski, LLP |
| 181 14th Street, N.E., Suite 200 | 333 Sandy Springs Circle, Suite 200Atlanta, |
| Atlanta, Georgia 30309 | Georgia 30328 |

This 7th day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

/s/ Craig A. Brookes
CRAIG A. BROOKES
Georgia State Bar No. 084476
*Attorney for Defendant*
*Southside Medical Center, Inc.*

Two Securities Centre
3500 Piedmont Road NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 49984308
Date:  Mar 07 2013 05:19PM
Cicely Barber, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ZAREADAE V. ROBERTSON, as the next | ) | |
| Best friend of CATHERINE ROBERTSON, | ) | |
| a minor, and DEMARCUS JACKSON, a | ) | |
| minor, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 13EV016531F |
| NEALE P. FREEMAN, M.D. | ) | |
| CHRISTOPHER D. MARINE, M.D.; | ) | |
| CHARLES MATUZA, PA; | ) | |
| SOUTHSIDE MEDICAL CENTER, INC.; | ) | |
| TENET HEALTHSYSTEM, GB, INC. d/b/a | ) | |
| ATLANTA MEDICAL CENTER; and | ) | |
| PEDIATRIX MEDICAL GROUP OF | ) | |
| GEORGIA, P.C.; JOHN DOES NOs. 1-5; | ) | |
| And XYZ CORPORATIONS NOs. 1-5; | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF CHRISTOPHER D. MARINE, M.D.

COMES NOW, Defendant Christopher D. Marine, M.D. (hereinafter "Dr. Marine") and,

having paid costs to open default pursuant to O.C.G.A. §9-11-55, files his Answer and Defenses

to Plaintiff's Complaint for Medical Malpractice (the "Complaint") showing the Court as

follows:

### FIRST DEFENSE

This Court does not have subject matter jurisdiction over this matter.

### SECOND DEFENSE

This Court does not have personal jurisdiction over Dr. Marine.

### THIRD DEFENSE

Venue in this Court is not proper.

## FOURTH DEFENSE

By virtue of Dr. Marine's employer, Southside Medical Center, Inc., being a federally supported health center, the claims raised by Plaintiff in the Complaint are governed by, and subject to, the provisions of the Federally Supported Health Centers Assistance Acts ("FSHCAA") and the Federal Tort Claims Act ("FTCA").

## FIFTH DEFENSE

Pursuant to the FSHCAA, the FTCA and other applicable laws, Dr. Marine is immune from personal liability for the claims raised in Plaintiff's Complaint.

## SIXTH DEFENSE

Dr. Marine is not a proper party to this lawsuit and should be dismissed as a matter of law.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, and should be dismissed, as the result of her failure to follow the claim process under the FTCA.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## NINTH DEFENSE

Plaintiff does not have standing to maintain this action on behalf of one or both of the minors named in the Complaint.

## TENTH DEFENSE

The Complaint must be dismissed because not all real parties in interest have been joined in the action.

### ELEVENTH DEFENSE

To the extent the injuries and damages alleged in Plaintiff's Complaint have been or may have been directly or proximately caused by the negligence of another entity, person, or persons, or were the result of a separate event, Dr. Marine cannot legally be held responsible for same.

### TWELFTH DEFENSE

No act or omission on the part of Dr. Marine contributed to or caused any of the alleged injuries or damages claimed in the Complaint with the result that Plaintiff is not entitled to recover anything whatsoever from Dr. Marine.

### THIRTEENTH DEFENSE

Any care and treatment which was afforded to Catherine Robertson and/or Demarcus Jackson by Dr. Marine at all times and in all respects, was and has been in accordance with the standard of care exercised by such professionals generally under like or similar circumstances. Any injuries suffered as alleged in the Complaint occurred not as a result of the negligence of Dr. Marine, but was rather the result of matters beyond the ability of medicine or healthcare which is inherently an inexact science.

### FOURTEENTH DEFENSE

No act or omission on the part of Dr. Marine either contributed to or caused any of the alleged injuries or damages claimed by the Plaintiff in the Complaint with the result that Plaintiff is not entitled to recover anything whatsoever from Dr. Marine in this case.

### FIFTEENTH DEFENSE

Dr. Marine did not breach any duty owed to Catherine Robertson or Demarcus Jackson.

## SIXTEENTH DEFENSE

Dr. Marine denies any ordinary or profeesional negligence in the medical or professional healthcare treatment rendered to Catherine Robertson and/or Demarcus Jackson.

## SEVENTEENTH DEFENSE

At all times relevant hereto, the care and treatment of Catherine Robertson or Demarcus Jackson by Dr. Marine met or exceeded the standard of care applicable to members of the medical/healthcare profession generally under the same or similar circumstances.

## EIGHTEENTH DEFENSE

Dr. Marine acknowledges that an Affidavit of Amos Grunebaum, MD and an Affidavit of Tammey Dickerson, RN, are attached to Plaintiff's Complaint. Dr. Marine further states that no other affidavit of any other expert was attached to or on the Complaint served upon him. Through the course of discovery, if it is determined that the affidavits of Dr. Grunebaum and/or Ms. Dickerson fail to meet the requirements set forth under O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1 or otherwise demonstrate that Dr. Grunebaum and/or Ms. Dickerson are unqualified to testify against this Dr. Marine, Plaintiff's case must be dismissed. Dr. Marine reserves the right to file a motion to dismiss on the aforesaid grounds should the same be determined in discovery.

## NINETEENTH DEFENSE

The injuries or damages claimed in the Complaint may have resulted, in whole or in part, from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, illnesses or through natural causes with the result that Plaintiff is barred from recovery.

4

## TWENTIETH DEFENSE

Dr. Marine raises all affirmative defenses found in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) if evidence in support of those defenses is obtained through discovery.

## TWENTY-FIRST DEFENSE

For his Twenty-First Defense, Dr. Marine answers the specific allegations of Plaintiff's Complaint as follows:

1.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, said allegations stand denied.

2.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, said allegations stand denied.

3.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, said allegations stand denied.

4.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, said allegations stand denied.

5.

Dr. Marine states that he is a resident of Fulton County and that the address listed in Paragraph 5 of Plaintiff's Complaint is a location where he may be served. The remaining statements contained in Paragraph 5 of Plaintiff's Complaint are denied as are the assumptions upon which they are based.

6.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, said allegations stand denied.

7.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, said allegations stand denied.

8.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, said allegations stand denied.

9.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, said allegations stand denied.

10.

Dr. Marine denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, said allegations stand denied.

12.

Dr. Marine admits that in February 2011, he was an employee of Southside Medical Center. The remaining statements contained in Paragraph 12 are denied as are the assumptions upon which the statements are based.

13.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, said allegations stand denied.

14.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, said allegations stand denied.

15.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, said allegations stand denied.

16.

Dr. Marine denies the allegations contained in Paragraph 16 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent,

or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and the assumptions upon which they are based.

17.

Dr. Marine denies the allegations contained in Paragraph 17 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and the assumptions upon which they are based.

18.

Dr. Marine denies the allegations contained in Paragraph 18 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and the assumptions upon which they are based.

19.

Dr. Marine denies the allegations contained in Paragraph 19 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations

contained in Paragraph 19 of Plaintiff's Complaint and the assumptions upon which they are based.

20.

Dr. Marine denies the allegations contained in Paragraph 20 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson. Dr. Marine denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and the assumptions upon which they are based.

21.

Dr. Marine denies the allegations contained in Paragraph 21 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson. Dr. Marine denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and the assumptions upon which they are based.

22.

Dr. Marine denies the allegations contained in Paragraph 22 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson. Dr. Marine denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and the assumptions upon which they are based.

23.

Dr. Marine denies the allegations contained in Paragraph 23 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint and the assumptions upon which they are based.

24.

Dr. Marine denies the allegations contained in Paragraph 24 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint and the assumptions upon which they are based.

25.

Dr. Marine denies the allegations contained in Paragraph 25 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint and the assumptions upon which they are based.

26.

Dr. Marine denies the allegations contained in Paragraph 26 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint and the assumptions upon which they are based.

27.

Dr. Marine denies the allegations contained in Paragraph 27 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and the assumptions upon which they are based.

28.

Dr. Marine denies the allegations contained in Paragraph 28 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint and the assumptions upon which they are based.

29.

Dr. Marine denies the allegations contained in Paragraph 29 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint and the assumptions upon which they are based.

30.

Dr. Marine denies the allegations contained in Paragraph 30 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint and the assumptions upon which they are based.

31.

Dr. Marine denies the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint and the assumptions upon which they are based.

32.

Dr. Marine denies the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint and the assumptions upon which they are based.

33.

Dr. Marine denies the allegations contained in Paragraph 33 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and the assumptions upon which they are based.

34.

Dr. Marine denies the allegations contained in Paragraph 34 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint and the assumptions upon which they are based.

35.

Dr. Marine denies the allegations contained in Paragraph 35 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and the assumptions upon which they are based.

36.

Dr. Marine denies the allegations contained in Paragraph 36 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint and the assumptions upon which they are based.

37.

Dr. Marine denies the allegations contained in Paragraph 37 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Marine denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and the assumptions upon which they are based.

38.

Dr. Marine denies the allegations contained in Paragraph 38 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson. Dr. Marine denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint and the assumptions upon which they are based.

39.

Dr. Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, said allegations stand denied. Dr. Marine further denies that it is liable to Plaintiff under any theory of recovery.

40.

Dr. Marine denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Dr. Marine denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Dr. Marine denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Dr. Marine denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Dr. Marine admits an affidavit of a Amos Grunebaum, MD is attached to Plaintiff's Complaint as Exhibit "A". Dr. Marine denies that the Affidavit of Amos Grunebaum, MD meets

the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1. Dr. Marine denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint and further denies liability for any of the injuries or damages alleged in Plaintiff's Complaint.

45.

Dr. Marine admits an affidavit of a Tammy Dickerson, RN is attached to Plaintiff's Complaint as Exhibit "B". Dr. Marine denies that the Affidavit of Tammy Dickerson, RN meets the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1. Dr. Marine denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint and further denies liability for any of the injuries or damages alleged in Plaintiff's Complaint.

46.

Dr. Marine denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint Dr. Marine denies Plaintiff is entitled to judgment against him in any amount.

48.

Any allegation contained in Plaintiff's Complaint that is not specifically and expressly admitted in this Answer is denied.

WHEREFORE, having made his answer and raised defenses to Plaintiff's Complaint, Dr. Marine hereby requests judgment in his favor, that he be dismissed from this civil action, and for such other relief as this Court deems justice to demand.

This 7th day of March, 2013.

**{Signature on Following Page.}**

16

Respectfully submitted,

**HANKS BROOKES, LLC**


/s/ Craig A. Brookes
CRAIG A. BROOKES
Georgia State Bar No. 084476
JERALD R. HANKS
Georgia State Bar No. 323470
*Attorneys for Defendant*
*Christopher D. Marine, M.D.*

Two Securities Centre
3500 Piedmont Road NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ZAREADAE V. ROBERTSON, as the next | ) | |
| Best friend of CATHERINE ROBERTSON, | ) | |
| a minor, and DEMARCUS JACKSON, a | ) | |
| minor, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 13EV016531F |
| NEALE P. FREEMAN, M.D. | ) | |
| CHRISTOPHER D. MARINE, M.D.; | ) | |
| CHARLES MATUZA, PA; | ) | |
| SOUTHSIDE MEDICAL CENTER, INC.; | ) | |
| TENET HEALTHSYSTEM, GB, INC. d/b/a | ) | |
| ATLANTA MEDICAL CENTER; and | ) | |
| PEDIATRIX MEDICAL GROUP OF | ) | |
| GEORGIA, P.C.; JOHN DOES NOs. 1-5; | ) | |
| And XYZ CORPORATIONS NOs. 1-5; | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the ANSWER AND

DEFENSES OF CHRISTOPHER D. MARINE, M.D. via electronic filing with LEXIS NEXIS to

the following:

Edward Flynn, III.
Flynn and Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, Georgia 30342

John E. Hall, Jr.
T. Andrew Graham
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303

Moses Kim
Insley & Race, LLC
The Mayfair Royal
181 14th Street, N.E., Suite 200
Atlanta, Georgia 30309

Jay D. Lukowaki
Ronald I. Kaplan
Kaplan & Lukowski, LLP
333 Sandy Springs Circle, Suite 200Atlanta,
Georgia 30328

18

This 7th day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

/s/ Craig A. Brookes
CRAIG A. BROOKES
Georgia State Bar No. 084476
*Attorney for Defendant*
*Christopher D. Marine, M.D.*

Two Securities Centre
3500 Piedmont Road NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 49982904
Date:  Mar 07 2013 04:55PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ZAREADAE V. ROBERTSON, as the next Best friend of CATHERINE ROBERTSON, a minor, and DEMARCUS JACKSON, a minor, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 13EV016531F |
| NEALE P. FREEMAN, M.D. CHRISTOPHER D. MARINE, M.D.; CHARLES MATUZA, PA; SOUTHSIDE MEDICAL CENTER, INC.; TENET HEALTHSYSTEM, GB, INC. d/b/a ATLANTA MEDICAL CENTER; and PEDIATRIX MEDICAL GROUP OF GEORGIA, P.C.; JOHN DOES NOs. 1-5; And XYZ CORPORATIONS NOs. 1-5; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER AND DEFENSES OF NEALE P. FREEMAN, M.D.

COMES NOW, Defendant Neale P. Freeman, M.D. (hereinafter "Dr. Freeman") and, having paid costs to open default pursuant to O.C.G.A. §9-11-55, files his Answer and Defenses to Plaintiff's Complaint for Medical Malpractice (the "Complaint") showing the Court as follows:

### FIRST DEFENSE

This Court does not have subject matter jurisdiction over this matter.

### SECOND DEFENSE

This Court does not have personal jurisdiction over Dr. Freeman.

### THIRD DEFENSE

Venue in this Court is not proper.

## FOURTH DEFENSE

By virtue of Dr. Freeman's employer, Southside Medical Center, Inc., being a federally supported health center, the claims raised by Plaintiff in the Complaint are governed by, and subject to, the provisions of the Federally Supported Health Centers Assistance Acts ("FSHCAA") and the Federal Tort Claims Act ("FTCA").

## FIFTH DEFENSE

Pursuant to the FSHCAA, the FTCA and other applicable laws, Dr. Freeman is immune from personal liability for the claims raised in Plaintiff's Complaint.

## SIXTH DEFENSE

Dr. Freeman is not a proper party to this lawsuit and should be dismissed as a matter of law.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, and should be dismissed, as the result of her failure to follow the claim process under the FTCA.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## NINTH DEFENSE

Plaintiff does not have standing to maintain this action on behalf of one or both of the minors named in the Complaint.

## TENTH DEFENSE

The Complaint must be dismissed because not all real parties in interest have been joined in the action.

## ELEVENTH DEFENSE

To the extent the injuries and damages alleged in Plaintiff's Complaint have been or may have been directly or proximately caused by the negligence of another entity, person, or persons, or were the result of a separate event, Dr. Freeman cannot legally be held responsible for same.

## TWELFTH DEFENSE

No act or omission on the part of Dr. Freeman contributed to or caused any of the alleged injuries or damages claimed in the Complaint with the result that Plaintiff is not entitled to recover anything whatsoever from Dr. Freeman.

## THIRTEENTH DEFENSE

Any care and treatment which was afforded to Catherine Robertson and/or Demarcus Jackson by Dr. Freeman at all times and in all respects, was and has been in accordance with the standard of care exercised by such professionals generally under like or similar circumstances. Any injuries suffered as alleged in the Complaint occurred not as a result of the negligence of Dr. Freeman, but was rather the result of matters beyond the ability of medicine or healthcare which is inherently an inexact science.

## FOURTEENTH DEFENSE

No act or omission on the part of Dr. Freeman either contributed to or caused any of the alleged injuries or damages claimed by the Plaintiff in the Complaint with the result that Plaintiff is not entitled to recover anything whatsoever from Dr. Freeman in this case.

## FIFTEENTH DEFENSE

Dr. Freeman did not breach any duty owed to Catherine Robertson or Demarcus Jackson.

3

## SIXTEENTH DEFENSE

Dr. Freeman denies any ordinary or professional negligence in the medical or professional healthcare treatment rendered to Catherine Robertson and/or Demarcus Jackson.

## SEVENTEENTH DEFENSE

At all times relevant hereto, the care and treatment of Catherine Robertson or Demarcus Jackson by Dr. Freeman met or exceeded the standard of care applicable to members of the medical/healthcare profession generally under the same or similar circumstances.

## EIGHTEENTH DEFENSE

Dr. Freeman acknowledges that an Affidavit of Amos Grunebaum, MD and an Affidavit of Tammey Dickerson, RN, are attached to Plaintiff's Complaint. Dr. Freeman further states that no other affidavit of any other expert was attached to or on the Complaint served upon him. Through the course of discovery, if it is determined that the affidavits of Dr. Grunebaum and/or Ms. Dickerson fail to meet the requirements set forth under O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1 or otherwise demonstrate that Dr. Grunebaum and/or Ms. Dickerson are unqualified to testify against this Dr. Freeman, Plaintiff's case must be dismissed. Dr. Freeman reserves the right to file a motion to dismiss on the aforesaid grounds should the same be determined in discovery.

## NINETEENTH DEFENSE

The injuries or damages claimed in the Complaint may have resulted, in whole or in part, from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, illnesses or through natural causes with the result that Plaintiff is barred from recovery.

**TWENTIETH DEFENSE**

Dr. Freeman raises all affirmative defenses found in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) if evidence in support of those defenses is obtained through discovery.

**TWENTY-FIRST DEFENSE**

For his Twenty-First Defense, Dr. Freeman answers the specific allegations of Plaintiff's Complaint as follows:

1.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, said allegations stand denied.

2.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, said allegations stand denied.

3.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, said allegations stand denied.

4.

Dr. Freeman states that he is a resident of Fulton County and that the address listed in Paragraph 4 of Plaintiff's Complaint is a location where he may be served.  The remaining statements contained in Paragraph 4 of Plaintiff's Complaint are denied as are the assumptions upon which they are based.

5.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, said allegations stand denied.

6.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, said allegations stand denied.

7.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, said allegations stand denied.

8.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, said allegations stand denied.

9.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, said allegations stand denied.

10.

Dr. Freeman denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Dr. Freeman admits that in February 2011, he was an employee of Southside Medical Center.  The remaining statements contained in Paragraph 11 are denied as are the assumptions upon which the statements are based.

12.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, said allegations stand denied.

13.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, said allegations stand denied.

14.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, said allegations stand denied.

15.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, said allegations stand denied.

16.

Dr. Freeman denies the allegations contained in Paragraph 16 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent,

or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and the assumptions upon which they are based.

17.

Dr. Freeman denies the allegations contained in Paragraph 17 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and the assumptions upon which they are based.

18.

Dr. Freeman denies the allegations contained in Paragraph 18 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and the assumptions upon which they are based.

19.

Dr. Freeman denies the allegations contained in Paragraph 19 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations

contained in Paragraph 19 of Plaintiff's Complaint and the assumptions upon which they are based.

20.

Dr. Freeman denies the allegations contained in Paragraph 20 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and the assumptions upon which they are based.

21.

Dr. Freeman denies the allegations contained in Paragraph 21 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and the assumptions upon which they are based.

22.

Dr. Freeman denies the allegations contained in Paragraph 22 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and the assumptions upon which they are based.

23.

Dr. Freeman denies the allegations contained in Paragraph 23 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint and the assumptions upon which they are based.

24.

Dr. Freeman denies the allegations contained in Paragraph 24 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint and the assumptions upon which they are based.

25.

Dr. Freeman denies the allegations contained in Paragraph 25 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint and the assumptions upon which they are based.

26.

Dr. Freeman denies the allegations contained in Paragraph 26 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint and the assumptions upon which they are based.

27.

Dr. Freeman denies the allegations contained in Paragraph 27 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and the assumptions upon which they are based.

28.

Dr. Freeman denies the allegations contained in Paragraph 28 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint and the assumptions upon which they are based.

29.

Dr. Freeman denies the allegations contained in Paragraph 29 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint and the assumptions upon which they are based.

30.

Dr. Freeman denies the allegations contained in Paragraph 30 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint and the assumptions upon which they are based.

31.

Dr. Freeman denies the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint and the assumptions upon which they are based.

32.

Dr. Freeman denies the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint and the assumptions upon which they are based.

33.

Dr. Freeman denies the allegations contained in Paragraph 33 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and the assumptions upon which they are based.

34.

Dr. Freeman denies the allegations contained in Paragraph 34 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint and the assumptions upon which they are based.

35.

Dr. Freeman denies the allegations contained in Paragraph 35 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and the assumptions upon which they are based.

36.

Dr. Freeman denies the allegations contained in Paragraph 36 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint and the assumptions upon which they are based.

37.

Dr. Freeman denies the allegations contained in Paragraph 37 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and the assumptions upon which they are based.

38.

Dr. Freeman denies the allegations contained in Paragraph 38 of Plaintiff's Complaint to the extent said allegations contain incomplete or erroneous facts, and/or misstate, misrepresent, or are inconsistent with the contents of the medical records related to the treatment and care of Catherine Robertson and/or Demarcus Jackson.  Dr. Freeman denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint and the assumptions upon which they are based. .

39.

Dr. Freeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, said allegations stand denied.  Dr. Freeman further denies that it is liable to Plaintiff under any theory of recovery.

40.

Dr. Freeman denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Dr. Freeman denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Dr. Freeman denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Dr. Freeman denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Dr. Freeman admits an affidavit of a Amos Grunebaum, MD is attached to Plaintiff's Complaint as Exhibit "A".  Dr. Freeman denies that the Affidavit of Amos Grunebaum, MD

meets the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1.  Dr. Freeman denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint and further denies liability for any of the injuries or damages alleged in Plaintiff's Complaint.

45.

Dr. Freeman admits an affidavit of a Tammy Dickerson, RN is attached to Plaintiff's Complaint as Exhibit "B".  Dr. Freeman denies that the Affidavit of Tammy Dickerson, RN meets the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1.  Dr. Freeman denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint and further denies liability for any of the injuries or damages alleged in Plaintiff's Complaint.

46.

Dr. Freeman denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint Dr. Freeman denies Plaintiff is entitled to judgment against him in any amount.

48.

Any allegation contained in Plaintiff's Complaint that is not specifically and expressly admitted in this Answer is denied.

WHEREFORE, having made his answer and raised defenses to Plaintiff's Complaint, Dr. Freeman hereby requests judgment in his favor, that he be dismissed from this civil action, and for such other relief as this Court deems justice to demand.

**{Signature on Following Page.}**

This 7th day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**


/s/ Craig A. Brookes
CRAIG A. BROOKES
Georgia State Bar No. 084476
JERALD R. HANKS
Georgia State Bar No. 323470
*Attorneys for Defendant*
*Neale P. Freeman, MD*

Two Securities Centre
3500 Piedmont Road NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next ... )
Best friend of CATHERINE ROBERTSON, )
a minor, and DEMARCUS JACKSON, a )
minor, )
                               )
         Plaintiff,                 )      CIVIL ACTION NO.:
                               )      13EV016531F
NEALE P. FREEMAN, M.D. )
CHRISTOPHER D. MARINE, M.D.; )
CHARLES MATUZA, PA; )
SOUTHSIDE MEDICAL CENTER, INC.; )
TENET HEALTHSYSTEM, GB, INC. d/b/a )
ATLANTA MEDICAL CENTER; and )
PEDIATRIX MEDICAL GROUP OF )
GEORGIA, P.C.; JOHN DOES NOs. 1-5; )
And XYZ CORPORATIONS NOs. 1-5; )
                               )
         Defendants.             )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the ANSWER AND

DEFENSES OF NEALE P. FREEMAN, M.D. via electronic filing with LEXIS NEXIS to the

following:

Edward Flynn, III.
Flynn and Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, Georgia 30342


Moses Kim
Insley & Race, LLC
The Mayfair Royal
181 14th Street, N.E., Suite 200
Atlanta, Georgia 30309

John E. Hall, Jr.
T. Andrew Graham
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303


Jay D. Lukowaki
Ronald I. Kaplan
Kaplan & Lukowski, LLP
333 Sandy Springs Circle, Suite 200Atlanta,
Georgia 30328

This 7th day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

/s/ Craig A. Brookes
CRAIG A. BROOKES
Georgia State Bar No. 084476
*Attorney for Defendant*
*Neale P. Freeman, M.D.*

Two Securities Centre
3500 Piedmont Road NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 49983982
Date:  Mar 07 2013 05:14PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next    )
Best friend of CATHERINE ROBERTSON,   )
a minor, and DEMARCUS JACKSON, a    )
minor,    )
    )
    Plaintiff,    )    CIVIL ACTION NO.:
    )    13EV016531F
NEALE P. FREEMAN, M.D.    )
CHRISTOPHER D. MARINE, M.D.;    )
CHARLES MATUZA, PA;    )
SOUTHSIDE MEDICAL CENTER, INC.;    )
TENET HEALTHSYSTEM, GB, INC. d/b/a    )
ATLANTA MEDICAL CENTER; and    )
PEDIATRIX MEDICAL GROUP OF    )
GEORGIA, P.C.; JOHN DOES NOs. 1-5;    )
And XYZ CORPORATIONS NOs. 1-5;    )
    )
    Defendants.    )

## CERTIFICATION OF PAYMENT OF COSTS ASSOCIATED WITH THE OPENING OF DEFAULT

This will certify that SOUTHSIDE MEDICAL CENTER, INC., Defendant in the above-styled civil action, pursuant to O.C.G.A. § 9-11-55, has paid court costs in connection with the above-captioned case in the amount of $362.50, and that said payment is payment of costs in full being hereby acknowledged on this 7th day of March, 2013.

_____
Fulton State Court Clerk

Page:          1

D U P L I C A T E

R E C E I P T



ACS Banner for Fulton County

Receipt Number:    TCJT1321742
            Date: 07-MAR-2013
         Cashier: JESSICA_MCTURE

Payor:   CRAIG A BROOKES

Address: 3500 PIEDMONT RD
         # 3200
         ATLANTA, GA  30305

| Violation/Docket | Description | Amount |
|---|---|---|
| COURT COST | STATE COURT COST | 362.50 |
|  | ST CT CASH13EV016531F | -362.50 |
|  | Total Fees: | 362.50 |
|  | Total Payment: | 362.50 |

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ZAREADAE V. ROBERTSON, as the next | ) | |
| Best friend of CATHERINE ROBERTSON, | ) | |
| a minor, and DEMARCUS JACKSON, a | ) | |
| minor, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 13EV016531F |
| NEALE P. FREEMAN, M.D. | ) | |
| CHRISTOPHER D. MARINE, M.D.; | ) | |
| CHARLES MATUZA, PA; | ) | |
| SOUTHSIDE MEDICAL CENTER, INC.; | ) | |
| TENET HEALTHSYSTEM, GB, INC. d/b/a | ) | |
| ATLANTA MEDICAL CENTER; and | ) | |
| PEDIATRIX MEDICAL GROUP OF | ) | |
| GEORGIA, P.C.; JOHN DOES NOs. 1-5; | ) | |
| And XYZ CORPORATIONS NOs. 1-5; | ) | |
| | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served a copy of the CERTIFICATION OF

PAYMENT OF COSTS ASSOCIATED WITH THE OPENING OF DEFAULT via electronic

filing with LEXIS NEXIS to the following:

| | |
|---|---|
| Edward Flynn, III. | John E. Hall, Jr. |
| Flynn and Gottlieb, P.A. | T. Andrew Graham |
| 800 Johnson Ferry Road | Hall Booth Smith, P.C. |
| Atlanta, Georgia 30342 | 191 Peachtree Street, N.E., Suite 2900 |
| | Atlanta, Georgia 30303 |
| | |
| Moses Kim | Jay D. Lukowaki |
| Insley & Race, LLC | Ronald I. Kaplan |
| The Mayfair Royal | Kaplan & Lukowski, LLP |
| 181 14th Street, N.E., Suite 200 | 333 Sandy Springs Circle, Suite 200 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30328 |

**{Signature on Following Page.}**

This ___ day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia State Bar No. 084476
*Attorney for Defendants*
*Neale P. Freeman, M.D., Christopher D.*
*Marine, M.D., and Southside Medical*
*Center, Inc.*

Two Securities Centre
3500 Piedmont Road, NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

***EFILED***
File & ServeXpress
Transaction ID: 49984308
Date: Mar 07 2013 05:19PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next　　　)
Best friend of CATHERINE ROBERTSON,　　)
a minor, and DEMARCUS JACKSON, a　　　 )
minor,　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff,　　　　　　　　　　　　)　　CIVIL ACTION NO.:
　　　　　　　　　　　　　　　　　　　　　 )　　13EV016531F
NEALE P. FREEMAN, M.D.　　　　　　　　 )
CHRISTOPHER D. MARINE, M.D.;　　　　　 )
CHARLES MATUZA, PA;　　　　　　　　　 )
SOUTHSIDE MEDICAL CENTER, INC.;　　　 )
TENET HEALTHSYSTEM, GB, INC. d/b/a　　 )
ATLANTA MEDICAL CENTER; and　　　　　)
PEDIATRIX MEDICAL GROUP OF　　　　　 )
GEORGIA, P.C.; JOHN DOES NOs. 1-5;　　　 )
And XYZ CORPORATIONS NOs. 1-5;　　　　)
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendants.　　　　　　　　　　 )

## CERTIFICATION OF PAYMENT OF COSTS ASSOCIATED WITH THE OPENING OF DEFAULT

This will certify that CHRISTOPHER D. MARINE, M.D.　, Defendant in the above-styled civil action, pursuant to O.C.G.A. § 9-11-55, has paid court costs in connection with the above-captioned case in the amount of $362.50, and that said payment is payment of costs in full being hereby acknowledged on this ___7th___ day of ___March___. 2013.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Fulton State Court Clerk

Page:          1



D U P L I C A T E
R E C E I P T

ACS Banner for Fulton County

Receipt Number:    TCJT1321742
        Date: 07-MAR-2013
     Cashier: JESSICA_MCTURE

Payor:    CRAIG A BROOKES

Address: 3500 PIEDMONT RD
         # 3200
         ATLANTA, GA  30305

| Violation/Docket | Description | Amount |
| --- | --- | --- |
| COURT COST | STATE COURT COST | 362.50 |
| | ST CT CASH13EV016531F | -362.50 |
| | Total Fees: | 362.50 |
| | Total Payment: | 362.50 |

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next )
Best friend of CATHERINE ROBERTSON, )
a minor, and DEMARCUS JACKSON, a )
minor, )
                                        )
      Plaintiff, )     CIVIL ACTION NO.:
                                          )     13EV016531F
NEALE P. FREEMAN, M.D. )
CHRISTOPHER D. MARINE, M.D.; )
CHARLES MATUZA, PA; )
SOUTHSIDE MEDICAL CENTER, INC.; )
TENET HEALTHSYSTEM, GB, INC. d/b/a )
ATLANTA MEDICAL CENTER; and )
PEDIATRIX MEDICAL GROUP OF )
GEORGIA, P.C.; JOHN DOES NOs. 1-5; )
And XYZ CORPORATIONS NOs. 1-5; )
                                          )
      Defendants. )

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served a copy of the CERTIFICATION OF PAYMENT OF COSTS ASSOCIATED WITH THE OPENING OF DEFAULT via electronic filing with LEXIS NEXIS to the following:

Edward Flynn, III.
Flynn and Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, Georgia 30342

John E. Hall, Jr.
T. Andrew Graham
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303

Moses Kim
Insley & Race, LLC
The Mayfair Royal
181 14th Street, N.E., Suite 200
Atlanta, Georgia 30309

Jay D. Lukowaki
Ronald I. Kaplan
Kaplan & Lukowski, LLP
333 Sandy Springs Circle, Suite 200
Atlanta, Georgia 30328

**{Signature on Following Page.}**

This ___ day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia State Bar No. 084476
*Attorney for Defendants*
*Neale P. Freeman, M.D., Christopher D.*
*Marine, M.D., and Southside Medical*
*Center, Inc.*

Two Securities Centre
3500 Piedmont Road, NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 49982904
Date:  Mar 07 2013 04:55PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ZAREADAE V. ROBERTSON, as the next Best friend of CATHERINE ROBERTSON, a minor, and DEMARCUS JACKSON, a minor, )))) | |
| Plaintiff, )) | CIVIL ACTION NO.: 13EV016531F |
| )) | |
| NEALE P. FREEMAN, M.D. CHRISTOPHER D. MARINE, M.D.; CHARLES MATUZA, PA; SOUTHSIDE MEDICAL CENTER, INC.; TENET HEALTHSYSTEM, GB, INC. d/b/a ATLANTA MEDICAL CENTER; and PEDIATRIX MEDICAL GROUP OF GEORGIA, P.C.; JOHN DOES NOs. 1-5; And XYZ CORPORATIONS NOs. 1-5; )))))))))) | |
| )) | |
| Defendants. ) | |

### CERTIFICATION OF PAYMENT OF COSTS ASSOCIATED WITH THE OPENING OF DEFAULT

This will certify that NEALE P. FREEMAN, M.D.  , Defendant in the above-styled civil action, pursuant to O.C.G.A. § 9-11-55, has paid court costs in connection with the above-captioned case in the amount of $362.50, and that said payment is payment of costs in full being hereby acknowledged on this 9 day of March . 2013.

_____
Fulton State Court Clerk

Page:        1

DUPLICATE
-------------
RECEIPT
-------------

MAR 7 2013
STATE COURT
FULTON COUNTY

ACS Banner for Fulton County

Receipt Number:    TCJT1321742
Date: 07-MAR-2013
Cashier: JESSICA_MCTURE

Payor:   CRAIG A BROOKES

Address: 3500 PIEDMONT RD
         # 3200
         ATLANTA, GA  30305

| Violation/Docket | Description | Amount |
| --- | --- | --- |
| COURT COST | STATE COURT COST | 362.50 |
|  | ST CT CASH13EV016531F | -362.50 |

Total Fees:      362.50

Total Payment:      362.50

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ZAREADAE V. ROBERTSON, as the next Best friend of CATHERINE ROBERTSON, a minor, and DEMARCUS JACKSON, a minor, <br><br>     Plaintiff, <br><br> NEALE P. FREEMAN, M.D. CHRISTOPHER D. MARINE, M.D.; CHARLES MATUZA, PA; SOUTHSIDE MEDICAL CENTER, INC.; TENET HEALTHSYSTEM, GB, INC. d/b/a ATLANTA MEDICAL CENTER; and PEDIATRIX MEDICAL GROUP OF GEORGIA, P.C.; JOHN DOES NOs. 1-5; And XYZ CORPORATIONS NOs. 1-5; <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO.: 13EV016531F |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served a copy of the CERTIFICATION OF

PAYMENT OF COSTS ASSOCIATED WITH THE OPENING OF DEFAULT via electronic

filing with LEXIS NEXIS to the following:

| | |
|---|---|
| Edward Flynn, III. <br> Flynn and Gottlieb, P.A. <br> 800 Johnson Ferry Road <br> Atlanta, Georgia 30342 | John E. Hall, Jr. <br> T. Andrew Graham <br> Hall Booth Smith, P.C. <br> 191 Peachtree Street, N.E., Suite 2900 <br> Atlanta, Georgia 30303 |
| Moses Kim <br> Insley & Race, LLC <br> The Mayfair Royal <br> 181 14th Street, N.E., Suite 200 <br> Atlanta, Georgia 30309 | Jay D. Lukowaki <br> Ronald I. Kaplan <br> Kaplan & Lukowski, LLP <br> 333 Sandy Springs Circle, Suite 200 <br> Atlanta, Georgia 30328 |

**{Signature on Following Page.}**

This 7th day of March, 2013.

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia State Bar No. 084476
*Attorney for Defendants*
*Neale P. Freeman, M.D., Christopher D.*
*Marine, M.D., and Southside Medical*
*Center, Inc.*

Two Securities Centre
3500 Piedmont Road, NE
Suite 320
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
File & ServeXpress
Transaction ID: 52695874
Date:  Jun 10 2013 03:37PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next
Best friend of CATHERINE ROBERTSON,
a minor, and DEMARCUS JACKSON, a
minor,

        Plaintiff,

vs.

NEALE P. FREEMAN, M.D.
CHRISTOPHER D. MARINE, M.D.;
CHARLES MATUZA, PA;
SOUTHSIDE MEDICAL CENTER, INC.;
TENET HEALTHSYSTEM, GB, INC. d/b/a
ATLANTA MEDICAL CENTER; and
PEDIATRIX MEDICAL GROUP OF
GEORGIA, P.C.; JOHN DOES NOs. 1-5;
And XYZ CORPORATIONS NOs. 1-5;

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:

13EV016531F

## CONSENT MOTION TO STAY DISCOVERY PENDING
## REVIEW BY FEDERAL GOVERNMENT, AND POSSIBLE REMOVAL UNDER
## THE FEDERAL TORT CLAIMS ACT

COME NOW, Plaintiff and Defendants above-named, and pursuant to O.C.G.A.

§ 9-11-26 (B) AND (D), hereby jointly move to stay discovery (except for non-party

discovery of medical records and documents) in this case until such time that the United

States government, by and through the U.S. Attorneys' Office and U.S. Department of

Health and Human Services, has determined whether this case is subject to The Federal

Torts Claims Act (hereinafter "FTCA") 28 U.S.C. §§ 1346(b), 2401(b), 2672-80, due to

certain defendants potentially being federally funded under The Federally Supported

Health Centers Assistance Act of 1992 (hereinafter "FSHCAA), as amended, 42 U.S.C. §

§ 233(g)-(n).   If in fact, any of the medical doctors named as defendants in this case were

qualified and federally funded under FSHCAA, then  exclusive jurisdiction lies in federal

court and this some or all of this case will be removed to federal court pursuant to 42

{00080476 1 }

USCS § 233 (civil actions against officers or employees); 28 USCS §§ 2401 (time for commencing action), 2674 (U.S. liability), 2675 (pre-suit disposition by federal agency), 2679 (exclusive remedy), 1346 (U.S. as defendant), 1441 (removal of civil actions).  The parties show the Court as follows:

1.

Plaintiff filed this action on January 15, 2013.  Thereafter, all defendants were served with summons and process, along with interrogatories, request for documents and other discovery requests.

The last Answer was filed was by Defendant Christopher Marine, MD on March 7, 2013.  Therefore, the 6 month discovery period will expire on or about September 7, 2013.

2.

On or about March 1, 2013, Plaintiff was contacted by defense counsel for defendants Neale P. Freeman, MD ("Freeman"), Christopher D. Marine, MD ("Marine"), and Southside Medical Center, Inc. ("Southside Medical") and was informed that Southside Medical Center, Inc. was federally funded, and thus, its employees, Freeman and Marine, may be deemed to be federal employees for purposes of medical malpractice coverage under the Federal Tort Claims Act ("FTCA").

3.

Presently, the U.S. Department of Health and Human Services ("U.S.") continues the process of confirming whether or not Defendant Freeman and Defendant Marine will be "qualified" Federal employees.  If they are deemed federal employees, part or all of this case will be removed to federal court, under federal and/or pendent jurisdiction.

4.

While the review is being conducted by the federal government, plaintiff has been notified that she is prohibited from engaging in any discovery, pursuant to 28 USCS § 1346, 1441.   In fact, defendants Freeman, Marine and Southside Medical have not responded to any written discovery served, as to do so is also prohibited by this federal law.  Plaintiff was initially told that this process of verifying whether or not this case will be subject to the FTCA may not take very long, but it is uncertain exactly how long it will take.

5.

As the discovery period is dwindling, the parties are concerned about preserving their respective rights to engage in discovery.  Accordingly, the parties now seek an Order from the Court formally staying discovery pending completion by the federal government of its review, and a determination of whether this case will have to be removed to federal court or not.  However, the parties jointly agree to allow discovery of medical records and documents in the possession, custody or control of non-parties, pursuant to OCGA § 9-11-34, as an exception to, and during the pendency of this stay.  In that regard, the Plaintiffs reserve their right to object to the production of any documents by a non-party that may be the subject of any such request.

Based upon the foregoing authorities, and for the reasons cited hereinabove, the parties respectfully request that the discovery period be stayed, except as to non-party discovery of medical records and documents, until such time that the U.S. has determined whether it has jurisdiction over this case.

This 3rd day of June, 2013.

{00080476 1 }

CONSENTED TO BY:

/s/ Edward D. Flynn, III

Edward D. "Ned" Flynn III
Georgia Bar No. 266536
Jay D. Lukowski, Esq.
Georgia Bar No. 460799
Ronald I. Kaplan, Esq.
Georgia Bar No. 407307

**Counsel for Plaintiff**
Edward D. Flynn, III, Esq.
800 Johnson Ferry Road, N.E.
Atlanta, GA  30342
Phone:  404-497-8015
Fax:  404-845-0888
Email:  nedf@lawfg.com

Jay D. Lukowski, Esq.
Ronald I. Kaplan, Esq.
Flynn and Gottlieb, PA

Kaplan & Lukowski LLP
333 Sandy Springs Circle, Suite 200
Atlanta, GA  30328
Phone:  404-845-0012
Fax:  404-845-0028
Email:  jdl@kaplanlegal.com
Email:  rik@kaplanlegal.com

/s/ T. Andrew Graham (by Edward Flynn
w/express permission)
Jerald R. Hanks, Esq.
Georgia Bar No. 323470
Craig A. Brookes, Esq.
Georgia Bar No. 084476
**Counsel for Christopher D. Marine. MD,**
**Neale P. Freeman. MD, and Southside**
**Medical Center, Inc.**
Craig A. Brookes, Esq.
Jerald R. Hanks, Esq.
Hanks Brookes, LLC
Two Securities Centre
3500 Piedmont Road, NE, Suite 320
Atlanta, GA 30305
Phone:  404-892-1991
Fax:  404-892-8180
Email:  jrhanks@hanksbrookes.com

/s/ T. Andrew Graham (by Edward Flynn
w/express permission)
T. Andrew Graham, Esq.
Georgia Bar No. 304777
John E. Hall, Jr., Esq.
Georgia Bar No. 319090

**Counsel for Charles Matuza, PA and**
**Pediatrix Medical Group of Georgia, PC**
John E. Hall, Jr., Esq.
T. Andrew Graham, Esq.
Hall Booth Smith, PC
191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
Phone:  404-954-5017
Fax:     404-954-5020
Email:   DGraham@hallboothsmith.com

/s/ Moses Kim (by Edward Flynn w/express
permission)
Kevin P. Race, Esq.
Georgia Bar No. 591590
Moses Kim, Esq.
Georgia Bar No.  335581

**Counsel for Defendant Tenet**
**HealthSystem GB, Inc., d/b/a Atlanta**
**Medical Center**
Kevin P. Race, Esq.
Moses Kim, Esq.
INSLEY & RACE, LLC
The Mayfair Royal

181 14th Street N.E., Suite 200
Atlanta, GA 30309
Phone:  404-876-9818
Fax:     404-876-9817
Email:  krace@insleyrace.com
Email:  mkim@insleyrace.com

{00080476 1 }

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
File & ServeXpress
Transaction ID: 52695874
Date:  Jun 10 2013 03:37PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT FULTON COUNTY
STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next )
best friend of CATHERINE ROBERTSON,)
a minor, and DEMARCUS JACKSON, a   )
minor,                             )
                                   )
        Plaintiffs,                )        CIVIL ACTION FILE
                                   )        NO.   13EV016531-F
        vs.                        )
                                   )
NEALE P. FREEMAN, MD;              )
CHRISTOPHER D. MARINE, MD;         )
CHARLES MATUZA, PA;                )
SOUTHSIDE MEDICAL CENTER, INC;     )
TENET HEALTHSYSTEM GB, INC., d/b/a )
ATLANTA MEDICAL CENTER;            )
PEDIATRIX MEDICAL GROUP OF GEORGIA,)
PC; JOHN DOES NOs 1-5;             )
and XYZ CORPORATIONS NOs 1-5.,     )
                                   )
        Defendants.                )

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the following discovery pleadings:

1) Consent Motion to Stay Discovery Pending Review by Federal Government, and possible Removal Under the Federal Tort Claims Act; and,

2) Certificate of Service, pertaining thereto.

Upon counsel for the Defendants in this matter by depositing same in the United States Mail with adequate postage thereon addressed as follows:

**Counsel for Tenet Healthsystem GB, Inc.**
**d/b/a Atlanta Medical Center**
Insley & Race, LLC
Kevin Race
Moses Kim

{00081581 1 }

The Mayfair Royal
181 14th Street, N.E., Suite 200
Atlanta, GA 30309

**Counsel for Charles Matuza, P.A.**
Hall Booth Smith, PC
John E. Hall, Jr.
T. Andrew Graham
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303-1775

**Counsel for Neale P. Freeman, M.D.,**
**Christopher D. Marine, M.D. and Southside**
**Medical Center, Inc.**
Hanks Brookes, LLC
Jerald R. Hanks
Two Securities Centre,
3500 Piedmont Road N.E.
Suite 320
Atlanta, GA  30305

This 10th day of June, 2013.

/s/ Edward (Ned) Flynn, III
Edward (Ned) Flynn, III
State Bar No. 266536
Flynn and Gottlieb, PA
800 Johnson Ferry Road
Atlanta, Georgia 30342
404-497-8015
nedf@lawFG.com


Jay D. Lukowski
State Bar No. 460799
Ronald I. Kaplan
State Bar No. 407307
Kaplan & Lukowski LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
404-845-0012
jdl@kaplanlegal.com
rik@kaplanlegal.com

*Attorneys for Plaintiff*

{00081581 1 }



State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 52696534
Date: Jun 10 2013 03:42PM
Cicely Barber, Clerk
Civil Division

*GRANTED*

*Susan B. Forsling*

I

| | |
|---|---|
| ZAREADAE V. ROBERTSON, as the next<br>Best friend of CATHERINE ROBERTSON,<br>a minor, and DEMARCUS JACKSON, a<br>minor,<br><br>    Plaintiff,<br><br>vs.<br><br>NEALE P. FREEMAN, M.D.<br>CHRISTOPHER D. MARINE, M.D.;<br>CHARLES MATUZA, PA;<br>SOUTHSIDE MEDICAL CENTER, INC.;<br>TENET HEALTHSYSTEM, GB, INC. d/b/a<br>ATLANTA MEDICAL CENTER; and<br>PEDIATRIX MEDICAL GROUP OF<br>GEORGIA, P.C.; JOHN DOES NOs. 1-5;<br>And XYZ CORPORATIONS NOs. 1-5;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br><br><br>13EV016531F |

## CONSENT MOTION TO STAY DISCOVERY PENDING
## REVIEW BY FEDERAL GOVERNMENT, AND POSSIBLE REMOVAL UNDER
## THE FEDERAL TORT CLAIMS ACT

COME NOW, Plaintiff and Defendants above-named, and pursuant to O.C.G.A. § 9-11-26 (B) AND (D), hereby jointly move to stay discovery (except for non-party discovery of medical records and documents) in this case until such time that the United States government, by and through the U.S. Attorneys' Office and U.S. Department of Health and Human Services, has determined whether this case is subject to The Federal Torts Claims Act (hereinafter "FTCA") 28 U.S.C. §§ 1346(b), 2401(b), 2672-80, due to certain defendants potentially being federally funded under The Federally Supported Health Centers Assistance Act of 1992 (hereinafter "FSHCAA), as amended, 42 U.S.C. § § 233(g)-(n).  If in fact, any of the medical doctors named as defendants in this case were qualified and federally funded under FSHCAA, then  exclusive jurisdiction lies in federal court and this some or all of this case will be removed to federal court pursuant to 42

{00080476 1 }

USCS § 233 (civil actions against officers or employees); 28 USCS §§ 2401 (time for commencing action), 2674 (U.S. liability), 2675 (pre-suit disposition by federal agency), 2679 (exclusive remedy), 1346 (U.S. as defendant), 1441 (removal of civil actions).  The parties show the Court as follows:

1.

Plaintiff filed this action on January 15, 2013.  Thereafter, all defendants were served with summons and process, along with interrogatories, request for documents and other discovery requests.

The last Answer was filed was by Defendant Christopher Marine, MD on March 7, 2013.  Therefore, the 6 month discovery period will expire on or about September 7, 2013.

2.

On or about March 1, 2013, Plaintiff was contacted by defense counsel for defendants Neale P. Freeman, MD ("Freeman"), Christopher D. Marine, MD ("Marine"), and Southside Medical Center, Inc. ("Southside Medical") and was informed that Southside Medical Center, Inc. was federally funded, and thus, its employees, Freeman and Marine, may be deemed to be federal employees for purposes of medical malpractice coverage under the Federal Tort Claims Act ("FTCA").

3.

Presently, the U.S. Department of Health and Human Services ("U.S.") continues the process of confirming whether or not Defendant Freeman and Defendant Marine will be "qualified" Federal employees.  If they are deemed federal employees, part or all of this case will be removed to federal court, under federal and/or pendent jurisdiction.

{00080476 1 }

4.

While the review is being conducted by the federal government, plaintiff has been notified that she is prohibited from engaging in any discovery, pursuant to 28 USCS § 1346, 1441.    In fact, defendants Freeman, Marine and Southside Medical have not responded to any written discovery served, as to do so is also prohibited by this federal law.  Plaintiff was initially told that this process of verifying whether or not this case will be subject to the FTCA may not take very long, but it is uncertain exactly how long it will take.

5.

As the discovery period is dwindling, the parties are concerned about preserving their respective rights to engage in discovery.  Accordingly, the parties now seek an Order from the Court formally staying discovery pending completion by the federal government of its review, and a determination of whether this case will have to be removed to federal court or not.  However, the parties jointly agree to allow discovery of medical records and documents in the possession, custody or control of non-parties, pursuant to OCGA § 9-11-34, as an exception to, and during the pendency of this stay.  In that regard, the Plaintiffs reserve their right to object to the production of any documents by a non-party that may be the subject of any such request.

Based upon the foregoing authorities, and for the reasons cited hereinabove, the parties respectfully request that the discovery period be stayed, except as to non-party discovery of medical records and documents, until such time that the U.S. has determined whether it has jurisdiction over this case.

This 3rd day of June, 2013.

{00080476 1 }

CONSENTED TO BY:

/s/ Edward D. Flynn, III

Edward D. "Ned" Flynn III
Georgia Bar No. 266536
Jay D. Lukowski, Esq.
Georgia Bar No. 460799
Ronald I. Kaplan, Esq.
Georgia Bar No. 407307

**Counsel for Plaintiff**
Edward D. Flynn, III, Esq.
800 Johnson Ferry Road, N.E.
Atlanta, GA  30342
Phone:  404-497-8015
Fax:  404-845-0888
Email:  nedf@lawfg.com

Jay D. Lukowski, Esq.
Ronald I. Kaplan, Esq.
Flynn and Gottlieb, PA

Kaplan & Lukowski LLP
333 Sandy Springs Circle, Suite 200
Atlanta, GA  30328
Phone:  404-845-0012
Fax:  404-845-0028
Email:  jdl@kaplanlegal.com
Email:  rik@kaplanlegal.com

/s/ T. Andrew Graham (by Edward Flynn
w/express permission)
Jerald R. Hanks, Esq.
Georgia Bar No. 323470
Craig A. Brookes, Esq.
Georgia Bar No. 084476
**Counsel for Christopher D. Marine. MD,
Neale P. Freeman. MD, and Southside
Medical Center, Inc.**
Craig A. Brookes, Esq.
Jerald R. Hanks, Esq.
Hanks Brookes, LLC
Two Securities Centre
3500 Piedmont Road, NE, Suite 320
Atlanta, GA 30305
Phone:  404-892-1991
Fax:  404-892-8180
Email:  jrhanks@hanksbrookes.com

/s/ T. Andrew Graham (by Edward Flynn
w/express permission)
T. Andrew Graham, Esq.
Georgia Bar No. 304777
John E. Hall, Jr., Esq.
Georgia Bar No. 319090

**Counsel for Charles Matuza, PA and
Pediatrix Medical Group of Georgia, PC**
John E. Hall, Jr., Esq.
T. Andrew Graham, Esq.
Hall Booth Smith, PC
191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
Phone:  404-954-5017
Fax:  404-954-5020
Email:  DGraham@hallboothsmith.com

/s/ Moses Kim (by Edward Flynn w/express
permission)
Kevin P. Race, Esq.
Georgia Bar No. 591590
Moses Kim, Esq.
Georgia Bar No.  335581

**Counsel for Defendant Tenet
HealthSystem GB, Inc., d/b/a Atlanta
Medical Center**
Kevin P. Race, Esq.
Moses Kim, Esq.
INSLEY & RACE, LLC
The Mayfair Royal

181 14th Street N.E., Suite 200
Atlanta, GA 30309
Phone:  404-876-9818
Fax:  404-876-9817
Email:  krace@insleyrace.com
Email:  mkim@insleyrace.com

{00080476 1 }

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next )
Best friend of CATHERINE ROBERTSON, )
a minor, and DEMARCUS JACKSON, a )
minor, )
)
)
   Plaintiff, )   CIVIL ACTION NO.:
) 13EV016531F
v. )
)
NEALE P. FREEMAN, M.D. )
CHRISTOPHER D. MARINE, M.D.; )
CHARLES MATUZA, PA; )
SOUTHSIDE MEDICAL CENTER, INC.; )
TENET HEALTHSYSTEM, GB, INC. d/b/a )
ATLANTA MEDICAL CENTER; and )
PEDIATRIX MEDICAL GROUP OF )
GEORGIA, P.C.; JOHN DOES NOs. 1-5; )
And XYZ CORPORATIONS NOs. 1-5; )
)
   Defendants. )

DECLARATION OF CHRISTOPHER MARINE, M.D.

1.    I, Christopher Marine, M.D., am a obstetrician/gynecologist licensed to
practice medicine in the State of Georgia.

2.    I was employed by Southside Medical Center, Inc. from on or about
September 1992 to November 2001 and then again from September 2002 to
February 2013.



3.  I have not billed privately for medical care or services rendered to Catherine Robertson or Demarcus Jackson.

4.  I have not received monetary compensation for the services provided to Catherine Robertson or Demarcus Jackson from any third party payers, including Medicaid, or another other source, other than the regular compensation I received from Southside Medical Center, Inc.

5.  On or about February 22, 2011, the time period giving rise to the allegations in the above-styled complaint, I was not employed by any other public health center and/or private medical facility other than Southside Medical Center, Inc.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the forgoing is true and correct to the best of my knowledge.

This _1_ day of ___August___, 2013.

CHRISTOPHER MARINE, M.D.