State Court of Fulton County
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 48926054
Date: Jan 15 2013 12:24PM
Cicely Barber, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

SECOND ORIGINAL

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE NO. _____

\*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED \*\*\*\*
CONTACT THE COURT AT 404.613.5040 AND LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

ZAREADEA V. ROBERTSON, as next of friend of CATHERINE ROBERTSON, a minor, and DEMARCUS JACKSON, a minor

Plaintiff's Name, Address, City, State, Zip Code

vs.

SOUTHSIDE MEDICAL CENTER, INC.

c/o David M. Williams, MD, registered agent

1046 Ridge Avenue, SW, Atlanta, Georgia 30315-1601

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Edward D. Flynn, III, FLYNN & GOTTLIEB, P.A.

Address: 800 Johnson Ferry Road

City, State, Zip Code: Atlanta, Georgia 30342                Phone No.: 404-497-8015

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through Lexis Nexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Avenue, S.W., Room TG-100, Atlanta, Georgia 30303 or at the e-filing public access terminal at the Clerk's Office's North Annex at 7741 Roswell Road, Atlanta, Georgia 30350.

This _____

Angela Dash, Chief Deputy Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

{00075243.1}

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 48926054
Date: Jan 15 2013 12:24PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT FULTON COUNTY
STATE OF GEORGIA

ZAREADAE V. ROBERTSON, as the next
best friend of CATHERINE ROBERTSON,
a minor, and DEMARCUS JACKSON, a
minor,

    Plaintiff,

vs.

NEALE P. FREEMAN, MD;
CHRISTOPHER D. MARINE, MD;
CHARLES MATUZA, PA;
SOUTHSIDE MEDICAL CENTER, INC;
TENET HEALTHSYSTEM, GB, INC., d/b/a
ATLANTA MEDICAL CENTER; and
PEDIATRIX MEDICAL GROUP OF
GEORGIA, PC; JOHN DOES NOs. 1-5;
and XYZ CORPORATIONS NOs. 1-5;

    Defendants.

CIVIL ACTION FILE
NO.

## COMPLAINT FOR MEDICAL MALPRACTICE

COMES NOW Plaintiff Zareadae V. Robertson, as the next best friend of Catherine Robertson, and as next best friend of Demarcus Jackson, and shows the Court the following:

1.

Catherine Robertson was born on April 6, 1995, and is a minor.

2.

Demarcus Jackson is the son of Catherine Robertson. Demarcus was born on February 22, 2011.

3.

Zareadae V. Robertson is Catherine Robertson's mother, and Demarcus Jackson's grandmother.

4.

Upon information and belief, defendant Neale P. Freeman, MD ("Dr. Freeman") is a resident of Fulton County, Georgia. Dr. Freeman may be served at 384 16th St NW Unit 3 Atlanta, GA 30363-2022 and is subject to the jurisdiction of this Court.

5.

Upon information and belief, Christopher D. Marine, MD ("Dr. Marine") is a resident of Fulton County, Georgia. Dr. Marine may be served at 3895 Beechwood Dr., NW, Atlanta, GA 30327-3124 and is subject to the jurisdiction of this court.

6.

Upon information and belief, defendant Charles Matuza, PA ("Mr. Matuza") is a resident of Forsyth County, Georgia. Mr. Matuza may be served at 8105 Victoria Lane, Cumming Georgia 30040 and is subject to the jurisdiction of this Court.

7.

Upon information and belief, defendant Tenet HealthSystem, GB, Inc. d/b/a Atlanta Medical Center ("Tenet") is a Georgia corporation doing business in the State of Georgia. Tenet may be served by serving its

registered agent CT Corporation System at 1201 Peachtree Street NE, Atlanta, Georgia 30361 and is subject to the jurisdiction of this Court.

8.

Upon information and belief, defendant Southside Medical Center, Inc. ("Southside") is a Georgia corporation doing business in the State of Georgia. Southside may be served by serving its registered agent David M. Williams, MD at 1046 Ridge Avenue, SW, Atlanta, Georgia 30315-1601 and is subject to the jurisdiction of this Court.

9.

Upon information and belief, defendant Pediatrix Medical Group of Georgia, PC ("Pediatrix") is a Georgia corporation doing business in the State of Georgia. Pediatrix may be served by serving its registered agent CT Corporation at 1201 Peachtree Street NE, Atlanta, Georgia 30361 and is subject to the jurisdiction of this Court.

10.

Based on the above, venue is proper in this Court.

11.

Upon information and belief, at all times pursuant to this action, Dr. Freeman was an agent and/or employee of Southside which is responsible for the acts and omissions of its agents and/or employees.

12.

Upon information and belief, at all times pursuant to this action, Dr. Marine was an agent and/or employee of Southside which is responsible for

the acts and omissions of its agents and/or employees.

13.

Upon information and belief, at all times pursuant to this action, Charles Matuza was an agent and/or employee of Pediatrix which is responsible for the acts and omissions of its agents and/or employees.

14.

Upon information and belief, at all times relevant to this action, the members of the nursing staff at Tenet were agents and/or employees of Tenet which is responsible for the acts and omission of its agents and/or employees.

15.

At all relevant times, Defendants JOHN DOES NOs. 1-5 and XYZ CORPORATIONS NOs. 1-5, were un-identified third-parties which caused or contributed to causing any of Plaintiffs' injuries and damages forming the basis of this suit, including, but not limited to, any other doctors, nurses, medical or care providers who failed to provide the required level of care due and owing to the Plaintiffs at the time, and/or any person or entity that may be vicariously liable for the actions of any other person or entity, and/or other presently unknown 3rd persons or entities who caused or contributed to Plaintiffs injuries and damages.

16.

On February 21, 2011, fifteen year old Catherine Robertson was at 39 and 6/7 weeks gestation with an estimated date of delivery of February 22, 2011 when she presented to the labor and delivery department at Atlanta

Medical Center. At the time of admission her cervix was 5-6 cm dilated, and a -1 station. Her heart rate was 102 and her blood pressure was 90/70. She was 5'4" and 185 pounds at the time of admission. The records also show that her pre-pregnancy weight was 136 pounds.

17.

The nursing notes indicate that Ms. Robertson stated she had rupture of her membranes at 11:30 pm, approximately one-half hour before her admission to the L&D unit. The L&D flow sheet states that there was artificial rupture of her membranes at 12:33 am with light meconium.

18.

At 12:45 am Christopher Marine, MD took a history and performed a physical examination. He estimated the fetal weight at 8.5 pounds. The fetus had a scalp electrode placed by the nursing staff at 12.02 am. Dr. Marine performed artificial rupture of membranes and noted Ms. Robertson's cervix to be 5 cm dilated, effacement TBD, -2 station and a fetal heart rate of 150 that initially was recorded by the nursing staff at 12 midnight at 155.

19.

At 12:47 am Dr. Marine ordered an amino infusion.

20.

The nursing note on the L&D flow sheet shows Ms. Robertson's cervix to be 6 cm dilated, 80% effacement and -1 station at 2:00 am.

21.

The nursing note on the L&D flow sheet records Ms. Robertson's cervix

to be 7 cm dilated, 80% effaced and -1 station as of 4:00 am.

22.

At 5:14 am, Dr. Marine was notified by S. Bolton, RN that "pt has been having some tectonic ctxs with occasional late decels. Asked him to come reviewed [sic] strip, he is going to a delivery [sic]".

23.

At 5:45 am Dr. Marine reviewed the fetal heart tracing. Dr. Marine ordered a bolus of saline and orders to continue the plan of care.

24.

At both 8:00 am and 8:40 am, Ms. Robertson was 8 cm dilated, 90% effaced, and -1 station.

25.

At 8:45 am, Dr. Neale Freeman wrote an order for Pitocin augmentation. The Pitocin was administered at 9:00 am and discontinued at 9:10 am.

26.

The FHT shows that at 12:01 pm, Ms. Robertson was pushing and that the fetal heart rate responded with a prolonged deceleration starting at 12:02 pm that lasted through 12:12 pm.

27.

Ms. Robertson continued to push and there was a prolonged deceleration in the FHR from 12:16 pm through 12:18 pm.

28.

There continued to be prolonged decelerations with each contraction.

29.

At 12:44 pm Ms. Robertson continued to push and the fetus responded with a FHR drop to 60 and remained less than 100 for approximately 15 minutes according the fetal heart tracing.

30.

The nursing staff failed to assess, communicate and acknowledge Ms. Robertson's vital signs after 1 pm.

31.

Neale P. Freeman, MD was at the bedside at 2:01 p.m.

32.

At 2:06 pm, Ms. Robertson was pushing and the nursing staff noted fetal heart rate decelerations shown on the fetal heart tracing.

33.

At 2:30 pm, a delivering health care professional, the identity of whom is not noted in the L & D records, charted knee chest, supra-pubic pressure, and manual freeing of anterior and posterior shoulders.

34.

At 2:30 pm, the fetus was delivered by vacuum extraction with apgar's of 2 and 8, weight 8 lbs 11 ounces. The L&D record identifies Charles Matuza, PA as the practitioner at delivery. Dr. Freeman is also listed on the delivery record.

35.

At 3:26 pm a delivery note was completed which referenced knee chest, supra-pubic pressure, manual freeing of anterior and posterior shoulders.

36.

The nursing staff recorded a "spontaneous vaginal delivery". There is no record of when the baby's head was delivered. Nor is there any documentation of the procedures done to facilitate the delivery of the baby or that "vacuum extraction" was utilized.

37.

Another note prepared at 4:20 pm noted vacuum extraction for non reassuring fetal heart tracing.

38.

Demarcus Jackson was noted at the time of birth to have a left shoulder dystocia and a left brachial plexus injury.

39.

Catherine Robertson presented as a high risk for having a baby with shoulder dystocia based on the following factors:

    a. age of 15;

    b. excessive weight gain from 136 to 185 pounds;

    c. the use of an epidural; and

    d. prolonged labor.

40.

Because of the high risk factors identified above, the nursing staff of

Atlanta Medical Center breached the standard of care when:

   a. they failed to utilize the chain of command when the vacuum extraction was ordered by Dr. Freeman; and

   b. they failed to document the progression of labor, specifically the second stage of labor in order to protect the infant from suffering shoulder dystocia.

41.

Neale P. Freeman, MD, Christopher Marine, MD and Charles Matuza, PA breached the standard of care when:

   a. they failed to recognize the increased risk of shoulder dystocia for Catherine Robertson due to her age of 15 and prolonged labor;

   b. excessive weight gain to 185 pounds by Ms. Robertson;

   c. the use of an epidural; and

   d. the large size of the fetus.

42.

The delivering physician and/or healthcare professional breached the standard of care when they failed to properly document the progression of labor between 8:45 am and 2:30 pm. There is no record of the length of the second stage of labor.

43.

The delivering physician and/or healthcare professional breached the standard of care when a vacuum extraction was performed despite the fact

that it was contraindicated because of the prolonged labor, the weight gain of the mother, the size of the fetus, and the use of an epidural.

44.

Attached as Exhibit "A" is the affidavit of Amos Grunebaum, MD sworn to on October 23, 2012 outlining the acts and omissions of Dr. Marine, Dr. Freeman and Charles Matuza, PA.

45.

Attached as Exhibit "B" is the affidavit of Tammey Dickerson, RN sworn to on December 10, 2012 outlining the acts and omissions of the nursing staff at Tenet.

46.

Plaintiff has been damaged in an amount in excess of $10,000.00

47.

By reason of the foregoing Plaintiff seeks judgment against all defendants in an amount in excess of $10,000.00.

Respectfully submitted this 15th day of January, 2013.

/s/ Edward (Ned) Flynn, III
Edward (Ned) Flynn, III
State Bar No. 266536
Flynn and Gottlieb, PA
800 Johnson Ferry Road
Atlanta, Georgia 30342
404-497-8015
nedf@lawFG.com

(Signature next page)

Jay D. Lukowski
State Bar No. 460799
Ronald I. Kaplan
State Bar No. 407307
Kaplan & Lukowski LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
404-845-0012
jdl@kaplanlegal.com
rik@kaplanlegal.com

*Attorneys for Plaintiff*